UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL ROBERT HANSMEIER,                      Case No. 22-CV-2590 (PJS/JFD)

          Petitioner,

v.                                                                                  **ORDER**

MICHAEL J. LEJEUNE,

          Respondent.

Petitioner Paul Robert Hansmeier, a federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that the Federal Bureau of Prisons (BOP) is "miscalculating" his prison term. (Pet., Dkt. No. 1, at 3.) Briefly put, Mr. Hansmeier argues that his self-surrender date and "low/minimum PATTERN score" require that the BOP should reduce that term by about eight months. (*Id.*)

Under Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts,[1] "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." After reviewing the Petition under Rule 4, the Court orders Mr. Hansmeier to show cause why the Court should not recommend dismissing this matter (without prejudice) for failure to exhaust administrative remedies.

---

[1] Mr. Hansmeier is not in custody under a state-court judgment, so the Petition is not based on 28 U.S.C. § 2254. The Court can nevertheless apply the Rules Governing § 2254 Cases to the Petition. *See* Rule 1(b).

To be sure, no statute dictates that a prisoner bringing a § 2241 petition must have first exhausted administrative remedies. But the federal courts have long required that prisoners with sentence-execution claims press them through the BOP's administrative remedies procedures before pursuing habeas relief. *See, e.g.*, *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) ("A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP.") (citing cases); *Kellum v. Kallis*, No. 21-CV-1664 (KMM/LIB), 2022 WL 848212, at *3 (D. Minn. Jan. 31, 2022) (citing cases, including *Mathena*), *R. & R. adopted*, 2022 WL 847606 (D. Minn. Mar. 22, 2022). The Petition states that Mr. Hansmeier submitted a first-level appeal to the BOP. (Pet. 3.) But the Petition then (confusingly) describes this appeal's "[r]esult" not as, say, "Denied," but instead as "Remedy unavailable while [BOP] develops FSA two credit appeal process." (*Id.*) The Petition also states that Mr. Hansmeier pursued no appeals after getting this result. (*See id.* at 3–4.)

This explanation falls short. It is true, of course, that a court can excuse a prisoner's failure to exhaust administrative remedies when pursuing them would be futile. *See, e.g.*, *Gallardo v. Rios*, No. 18-CV-0293 (ECT/HB), 2019 WL 3225771, at *2 (D. Minn. Feb. 1, 2019) (citing case), *R. & R. adopted*, 2019 WL 3219694 (D. Minn. July 17, 2019); *United States v. Bugh*, No. 98-CR-0308(2) (PJS), 2012 WL 3230530, at *1 n.1 (D. Minn. Aug. 6, 2012) (citing cases). But it is a prisoner's burden to show futility. *See, e.g.*, *Cheatam v. Bureau of Prisons*, No. 15-CV-1210 (PAM/FLN), 2015 WL 9312479, at *2 (D. Minn. Nov. 19, 2015) (stating that petitioner "failed to satisfy exhaustion requirement" where, among other things, he did not "provide any evidence or explanation for why availing himself of

2

the available administrative remedies would, in fact, be futile"), *R. & R. adopted*, 2015 WL 9294307 (D. Minn. Dec. 21, 2015); *Bugh*, 2012 WL 3230530, at *1 n.1 (stating that petitioner "need not use the available administrative procedure if he can show that doing so would be futile") (citing cases). Mr. Hansmeier's standalone assertions do not meet this burden.

The Court thus orders Mr. Hansmeier to show cause why the Court should not recommend dismissing this matter without prejudice for failing to exhaust administrative remedies. Mr. Hansmeier's filing should (1) explain why he believes that he need not use the BOP's administrative-remedy process before pursuing habeas relief here, and (2) include copies of whatever grievances or appeals he has filed as well as copies of any responses that he has received. This response must be submitted within 30 days of this Order's date, failing which this Court will recommend dismissing this matter without prejudice for failure to prosecute, *see* Fed. R. Civ. P. 41(b), and/or failure to exhaust (based on the Petition's representations).

**SO ORDERED.**

Dated: November 30, 2022         *s/ John F. Docherty*
                                  JOHN F. DOCHERTY
                                  United States Magistrate Judge